Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Jason I. Bluver, State Bar No. 281784
jib@paynefears.com
Megan A Mackie, State Bar No. 325004
mam@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant WALMART INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAZ RAYGOZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation formerly known as WAL-MART STORES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00809<br><br>[Los Angeles County Superior Court Case No. 20STCV49398]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Trial Date: None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF PAZ RAYGOZA AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc. (hereafter "Walmart") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff and Defendant Walmart.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3. Defendant Walmart is now, and was at the time this action was commenced, a citizen of the State of Arkansas and a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332. At all material times, Walmart was a corporation organized under the laws of the State of Delaware, and at all material times Walmart has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30) days of service of the Summons and Complaint upon Walmart, in which diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about December 28, 2020, Plaintiff filed an action against Walmart titled "PAZ RAYGOZA, an individual, Plaintiff vs. WALMART INC., a Delaware corporation formerly known as WAL-MART STORES, INC.; and DOES 1 through 20, inclusive, Defendants," in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV49398 (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

7. On January 28, 2021, Walmart timely filed an Answer to the Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit B.**

8. The Summons, Complaint, Proof of Service, and Answer constitute the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

pleadings, process, and orders served upon or by Walmart in the State Court Action.

## III.  COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND WALMART

9. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

10. Plaintiff is now, and was at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. ***See* Exh. A at ¶ 2**; *see also Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return.").

11. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010).

12. Walmart is now, and was at all material times, a corporation organized under the laws of the State of Delaware. Walmart is therefore a citizen of the State of Delaware.

13. Walmart is now, and was at all material times, headquartered in Bentonville, Arkansas. Walmart's officers and directors are employees whose offices are located as its headquarters in Bentonville, Arkansas. Walmart's high-level officers direct, control, and coordinate the corporation's activities from Walmart's headquarters in Bentonville, Arkansas. And Walmart performs the vast majority of its executive and administrative functions at its headquarters in Bentonville, Arkansas. Walmart is therefore a citizen of the State of Arkansas, because its principal place of business is Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp.,* 130 S.Ct. at 1192 ("[W]e conclude that the phrase 'principal

place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities").

14. Therefore, for the purpose of determining jurisdiction, Walmart was not (and is not) a citizen of the State of California. Rather, it was (and is) a citizen of the States of Delaware and Arkansas.

15. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

16. Accordingly, complete diversity exists between Plaintiff and Walmart.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

17. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceeds $75,000").

18. In her Complaint, Plaintiff alleges the following causes of action: (1) Discrimination in Violation of Gov't Code §§12940, et seq.; (2) Retaliation in Violation of Gov't Code §§12940, et seq.; (3) Failure to Prevent Discrimination and Retaliation in Violation of Gov't Code §12940(k); (4) Failure to Provide Reasonable Accommodations in Violation of Gov't Code §§12940, et seq.; (5) Failure to Engage In a Good Faith Interactive Process in Violation of Gov't Code §§12940, et

seq.; (6) Violation of Gov't Code §12945 (Pregnancy Disability Leave); (7) Violation of California Family Rights Act, Gov't Code §§12945.2, et seq.; (8) Wrongful Termination in Violation of Public Policy; (9) Denial of and Discrimination Based on the Use of Sick Leave (Labor Code §§ 233, 234, and 246.5); (10) Declaratory Judgment; and (11) Failure to Permit Inspection of Personnel and Payroll Records.

19. Walmart discusses below the allegations in Plaintiff's complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Walmart denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her theories of recovery.

20. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails

21. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant")

(internal quotations omitted).

22. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal--for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

23. Here, Plaintiff seeks to recover (1) special/compensatory damages for lost wages, earnings, commissions, retirement benefits, and other employee benefits, (2) general damages for mental pain and anguish and emotional distress, (3) statutory penalties, (4) punitive damages, (5) attorneys' fees, and (6) costs of suit. ***See* Exhibit A, Prayer for Relief.**

**B.      Economic Damages**

24. Plaintiff seeks special/compensatory damages associated with lost wages, earnings, commissions, retirement benefits, and other employee benefits of at least $50,000 (Complaint, Prayer for Relief ¶ **1**).

25. Plaintiff seeks general damages for mental pain and anguish and emotional distress of at least $50,000 (Complaint, Prayer for Relief ¶ **2**).

26. Plaintiff seeks $1,500 in statutory penalties for violations of Labor Code §1198.5 and §226(c), (f) (Complaint, Prayer for Relief ¶¶ **3-4**).

27. Thus, by Plaintiff's admission her alleged economic damages alone are $101,500, well above the jurisdictional threshold of $75,000.

**V.     REMOVAL IS TIMELY**

34. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because this action is being removed within (30) days of service of the Summons and Complaint upon Walmart in which diversity of citizenship is apparent. **Exh. A**.

## VI. CONCLUSION

35. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441.

36. Accordingly, Walmart may remove the action to this Court pursuant to 28 U.S.C. § 1441. Therefore, Walmart respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. §§ 1332 and 1441.

DATED: January 28, 2021    PAYNE & FEARS LLP

By:    */s/* Jason I. Bluver
      DANIEL F. FEARS
     ANDREW K. HAEFFELE
      JASON I. BLUVER

Attorneys for Defendant WALMART INC.

4822-1954-1720.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-7-
PETITION AND NOTICE OF REMOVAL

# PROOF OF SERVICE

*Paz Raygoza v. Walmart Inc.*
<u>United States District Court Case No.</u>2:21-cv-00809

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 28, 2021, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446** on the interested parties in this action as follows:

| | |
|---|---|
| Kaveh S. Elihu, Esq.<br>EMPLOYEE JUSTICE LEGAL GROUP, P.C.<br>3055 Wilshire Boulevard, Suite 1100<br>Los Angeles, CA 90010<br>Tel: (213) 382-2222<br>Fax: (213) 382-2230<br>E-Mail: kelihu@EJLGlaw.com | Attorneys for Plaintiff<br>PAZ RAYGOZA |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tshaw@paynefears.com to the person at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2021, at Irvine, California.

/s/ *Terri M. Shaw*
Terri M. Shaw

PROOF OF SERVICE