Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Megan A Mackie, State Bar No. 325004
mam@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant WALMART INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAZ RAYGOZA, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., a Delaware corporation formerly known as WAL-MART STORES, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 2:21-cv-00809-GW (KSx)<br><br>**Hon. George H. Wu**<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT WALMART INC. FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Memorandum of Points and Authorities; Separate Statement; Declarations of Laura Kish and Megan A. Mackie; Request for Judicial Notice; [Proposed] Order]*<br><br>Date:　　December 13, 2021<br>Time:　　8:30 a.m.<br>Crtrm.:　9D<br><br>Trial Date:　　　January 25. 2022 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 13, 2021, at 8:30 a.m., or as soon thereafter as counsel may be heard, in courtroom 9D, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant

Walmart Inc. ("Walmart") will and hereby does move this Court for summary judgment against Plaintiff Paz Raygoza ("Plaintiff").

This Motion is made on the grounds that no triable issues exist as to any material facts related to Plaintiff's causes of action, and Defendant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

Defendant's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment against Plaintiff is sought based on seventeen (17) separate and independent noticed issues. They are as follows:

**Noticed Issue No. 1.:** Plaintiff's first cause of action for pregnancy/disability discrimination fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting test because Plaintiff cannot establish a causal link between her pregnancy/alleged disability, and the separation of her employment.

**Noticed Issue No. 2.:** Plaintiff's first cause of action for pregnancy/disability discrimination fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting test of offering specific, substantial evidence that Defendant's stated legitimate, non-discriminatory reason for separating her employment was a pretext for unlawful discrimination.

**Noticed Issue No 3.:** Plaintiff's second cause of action for retaliation fails as a matter of law because Plaintiff cannot meet her *prima facie* burden at step one of the *McDonnell Douglas* burden-shifting test because Plaintiff cannot establish a causal link between her alleged protected activity, and the separation of her employment.

**Noticed Issue No 4.:** Plaintiff's second cause of action for retaliation fails as a matter of law because Plaintiff cannot establish her burden at step three of the *McDonnell Douglas* burden-shifting test of offering specific, substantial evidence that Defendant's stated legitimate, non-retaliatory reason for separating Plaintiff's employment was a pretext for unlawful retaliation.

**Noticed Issue No 5.:** Plaintiff's third cause of action for failure to prevent discrimination and retaliation fails as a matter of law because Plaintiff cannot establish that she was subjected to discrimination and/or retaliation.

**Noticed Issue No. 6.:** Plaintiff's fourth cause of action for failure to accommodate fails as a matter of law because Plaintiff was not disabled.

**Noticed Issue No. 7.:** Plaintiff's fourth cause of action for failure to accommodate fails as a matter of law because Plaintiff cannot establish that Walmart refused to accommodate a known disability.

**Noticed Issue No. 8.:** Plaintiff's fifth cause of action for failure to engage in a good faith interactive process fails as a matter of law because Plaintiff cannot establish that Defendant refused to participate in a good-faith interactive process to determine whether Plaintiff's alleged disability could be accommodated.

**Noticed Issue No. 9.:** Plaintiff's sixth cause of action for violation of Gov't Code § 12945 (Pregnancy Disability Leave) fails as a matter of law because Plaintiff cannot establish that she was disabled by pregnancy.

**Noticed Issue No. 10.:** Plaintiff's sixth cause of action for violation of Gov't Code § 12945 (Pregnancy Disability Leave) fails as a matter of law because Plaintiff cannot

establish that she requested a leave of absence pursuant to the Pregnancy Disability Leave Law.

**Noticed Issue No. 11.:** Plaintiff's seventh cause of action for violation of California Family Rights Act fails as a matter of law because Plaintiff cannot establish that she requested a leave of absence.

**Noticed Issue No. 12.:** Plaintiff's eighth cause of action for wrongful termination in violation of public policy fails as a matter of law because Plaintiff cannot establish that she was subjected to discrimination and/or retaliation.

**Noticed Issue No. 13.:** Plaintiff's ninth cause of action for denial of and discrimination based upon the use of sick leave (Labor Code §§ 233, 234, 246.5) fails as a matter of law because Plaintiff cannot establish that Defendant denied any request to use accrued, available protected sick time.

**Noticed Issue No. 14.:** Plaintiff's ninth cause of action for denial of and discrimination based upon the use of sick leave (Labor Code §§ 233, 234, 246.5) fails as a matter of law because Plaintiff cannot establish that she was terminated for requesting to use, or using, her accrued, available protected sick time.

**Noticed Issue No 15.:** Plaintiff's tenth cause of action for declaratory judgment fails as a matter of law because Plaintiff cannot establish that she was subjected to discrimination and/or retaliation.

**Noticed Issue No. 16.:** Plaintiff's eleventh cause of action for failure to permit inspection of personnel and payroll records fails as a matter of law because Plaintiff failed to properly serve her requests for documents sought under California Labor

Code sections 226 and 1198.5.

**Noticed Issue No. 17.:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any actions taken with respect to her employment were taken with fraud, malice, or oppression.

**Noticed Issue No. 18.:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that any wrongful conduct, if any occurred, was on the part of an officer, director, or managing agent of Defendant.

This Motion is made pursuant to Federal Rule of Civil Procedures 56 and is based on this Notice of Motion; the Memorandum of Points and Authorities; the Separate Statement of Uncontroverted Facts and Conclusions of Law; the Declarations of Laura Kish and Megan A. Mackie; the Request for Judicial Notice; the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conferences of counsel pursuant to Local Rule 7-3 which took place on November 8, 2021, and November 9, 2021, between Counsel for Plaintiff, Nayri Jilizian, and counsel for Defendant, Megan A. Mackie.

DATED: November 15, 2021     PAYNE & FEARS LLP

By: ___*/s/ Andrew K. Haeffele*___
DANIEL F. FEARS
ANDREW K. HAEFFELE
MEGAN A MACKIE

Attorneys for Defendant WALMART INC.

4894-8259-9939.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100